UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ADRIANE B. JACKSON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 672 CDP |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Adriane B. Jackson filed this social security case on May 11, 2016, seeking reinstatement of benefits on behalf of minor J.D.J. The Acting Commissioner of Social Security, Carolyn W. Colvin, filed a motion to dismiss Jackson's claims on the ground that she did not exhaust her administrative appeals before filing suit in this court. After Jackson failed to file an opposition, I granted the motion to dismiss and ordered the clerk to close the case. The same day as the dismissal order, Jackson filed a motion to reconsider dismissal. I granted the motion and set a deadline for Jackson's response to the motion to dismiss. When Jackson did not file a response more than a month past that deadline, I dismissed this case for failure to prosecute and comply with a court order, pursuant to Rule 41(b), Fed. R. Civ. P.

On December 21, 2017, Jackson filed a letter with the court, interpreted as a request for reconsideration of my November 2016 dismissal order. In the letter, Jackson does not specifically address why she failed to comply with the court's order to file a response to the motion to dismiss. The letter is difficult to decipher; however, Jackson clearly mentions that she has been "homeless" and that someone has committed "fraud." ECF No. 21 at 5. As to the exhaustion issue raised in the motion to dismiss, she states that she has "exhausted all remedies such as written notices to the appeal." *Id.* at 1.

Under Federal Rule of Civil Procedure 60(b), this court may relieve a party from an order for multiple reasons, including the grounds of "excusable neglect" or "fraud." Fed. R. Civ. P. 60(b)(1), (3). However, a motion requesting such relief must be filed within a reasonable time. A motion based on the grounds of excusable neglect or fraud is limited to "no more than a year after the entry" of the order. Fed. R. Civ. P. 60(c)(1).

In this case, Jackson filed her letter for reconsideration almost thirteen (13) months after the court's order of dismissal. In her letter, she provides neither argument as to why the case should be reopened nor any evidence that she has in fact exhausted her administrative appeals. Although Jackson's homelessness may provide grounds for excusable neglect, she does not elaborate on when or for how long she was homeless, but does mention that she is now incarcerated. ECF No.

21 at 4. Regardless, her letter seeking relief was not filed within the one-year time limit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Reconsideration [#21] is **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2018.